UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SUSAN JOHNSON, | § | No. 5:16–CV–00564–DAE |
| Plaintiff | § § § | |
| vs. | § § | |
| WELLS FARGO BANK, N.A., | § § | |
| Defendant. | § § § § | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On July 8, 2016, Defendant Wells Fargo Bank, N.A. ("Defendant") filed a Motion to Dismiss. (Dkt. # 3.) Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss. (Dkt. # 3.)

On June 6, 2016, Plaintiff Susan Johnson filed an application for a Temporary Restraining Order and Permanent Injunction (the "Complaint") in the 438th Judicial District of Bexar County, Texas. (Dkt. #1-1, Ex. A at 12.) Plaintiff sought to prevent the non-judicial foreclosure of the real property located at 16015 Huebner Bluff, San Antonio, Texas 78248 (the "Property,") which was scheduled for June 7, 2016. (Id. at 12–13.) On June 6, 2016, the state court granted Plaintiff's application and ordered a hearing on the motion for a temporary

1

injunction.  (Id. at 16–17.)

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendant filed a Notice of Removal to this Court on June 17, 2016.  (Dkt. # 1.)  Complete diversity exists because Plaintiff is a citizen of Texas and Defendant a citizen of South Dakota. (Id. ¶ 10–11); See 28 U.S.C. § 1332(c)(1).  Because the claim will likely exceed $75,000,[1] the amount-in-controversy requirement is also satisfied.[2]  See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (holding that where the petition does not include a specific monetary demand, the amount-in-controversy requirement is met if it is apparent from the face of the petition that the claims are likely to exceed $75,000); Farkas v. GMAC Mortgage LLC, 737 F.3d 338, 341 (5th Cir. 2013) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

On July 8, 2016, Defendant filed a Motion to Dismiss Plaintiff's Complaint for failing to state a claim for which relief can be granted.  (Dkt. #3.) Plaintiff did not file a response.  At the outset, the Court notes that a motion to dismiss is a dispositive motion under the local rules.  W.D. Tex. Civ. R. 7(c).

---

[1] The Bexar County Appraisal District's 2016 tax appraisal indicates the value of the subject property is $365,080.00.  (Dkt. #1, Ex. B at 2.)

[2] The Court considers the value of the subject property solely for the purpose of establishing a base line value for the amount in controversy required under 28 U.S.C. § 1332(a).

Failure to file a response to a dispositive motion within fourteen days constitutes grounds for the Court to "grant the motion as unopposed." Id. at 7(e)(2). Because Plaintiff has not filed any response in this case, the Court is justified in granting this motion as unopposed. However, in the interests of thoroughness, the Court will address the merits of Defendant's Motion to Dismiss.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" United States ex rel. Vavra v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting Sec. & Exch. Comm'n v. Cuban, 620 F.3d 551, 553 (5th Cir. 2010)). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## ANALYSIS

A. Whether Plaintiff has Stated a Claim upon Which Relief Could be Granted

Plaintiff's allegations in this case are that "there are impediments to the [foreclosure] sale and accounting relating to the amounts owed or reinstatement amounts." (Dkt. 1-1, Ex. A at 13). Plaintiff continues by stating that "[s]aid impediments result from the actions of Mortgagee." (Id.) Plaintiff's petition, however, is devoid of any "factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

While Plaintiff maintains there are impediments on the property, she fails to allege any facts showing what those impediments are, how they arose, or how they relate to the amounts owed or reinstatement amounts. (Dkt. 1-1, Ex. A at 12.) More importantly for the Court's analysis under Iqbal, Plaintiff fails to allege any facts showing how these impediments result from or connect to the Defendant. (Id.) Finally, Plaintiff claims she will be "immediately and irreparabl[y] harmed as [a] result of the foreclosure sale under the circumstances," but she fails to describe any facts specifying the harm that will result or the imminence of the harm. (Id.)

Legal conclusions "must be supported by factual allegations." Iqbal, 556 U.S. at 664. Additionally, the factual allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct

4

alleged." Id. at 678. Here, the Plaintiff fails to make any factual allegations supporting her legal conclusions or connecting the Defendant to the alleged impediments on the Property. Accordingly, Plaintiff fails to state a claim upon which relief could be granted.

  B. <u>Whether Plaintiff is Entitled to Injunctive Relief</u>

Plaintiff seeks a temporary restraining order, a temporary injunction, and a permanent injunction. (Dkt. 1-1, Ex. A at 12–13.) As a general rule, in a federal diversity case the district court applies the substantive law of the forum state. <u>Owl & Turtle, Inc. v. Travelers Indem. Co.</u>, 554 F.2d 196, 197 (5th Cir. 1977) (citing <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64 (1938)). Under Texas law, a plaintiff must plead a cause of action against the defendant to obtain an injunction, whether temporary or permanent. <u>Butnaru v. Ford Motor Co.</u>, 84 S.W.3d 198, 204 (Tex. 2002) (stating that an applicant must plead and prove "a cause of action against the defendant" to obtain a temporary injunction); <u>Denman v. Wells Fargo Bank, N.A.</u>, No. SA–13–CV–11–XR, 2013 WL 1866580, at *2 (W.D. Tex. May 2, 2013) ("[A] request for injunctive relief must be dismissed unless it is supported by a viable claim.").

However, as the Court concluded in Part A above, Plaintiff has failed to state a valid claim upon which relief could be granted. A claim for injunctive relief cannot stand on its own. Without an underlying cause of action, Plaintiff is

5

not entitled to injunctive relief, temporary or otherwise.  <u>Butnaru</u>, 84 S.W.3d at 204.  Accordingly, Plaintiff has failed to state a cause of action upon which relief can be granted and Defendant's Motion to Dismiss (Dkt. # 3) pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED.**

CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. # 3) without prejudice.

**IT IS SO ORDERED**.

**DATE:** San Antonio, Texas, November 1, 2016.

_____
David Alan Ezra
Senior United States Distict Judge